## CHARLES FORD v. CROCKET & HILDRETH.

**Parol Assignment of Note and Equitable Transfer.**

A parol assignment of a note will operate as an equitable transfer of indemnity against loss on the indorsement of a bill of exchange.

**Equitable Defense.**

The right to an equitable defense to a note is not impaired by the assignment of the note.

**Exceptions.**

The opinion of the court, sustaining exceptions to the depositions, was not excepted to; therefore, the propriety of that ruling is not before us.

APPEAL FROM BOURBON CIRCUIT COURT.

February 22, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

The evidence of this case conduces to the establishment of the following facts:

1. That about the 12th of May, 1861, appellant indorsed for the accommodation of Silas Corbin a bill of exchange for over $3,700, payable four months from date, and Corbin sold the same to the Deposit Bank in *Paris*.

2. When said bill matured it was not paid, but another bill for $3,600 was made payable at four months, and also indorsed by appellant, and was used in taking up the bill previously indorsed by him for $3,700.

3. Corbin failed to pay the last bill when it matured, and the holders sued appellant upon it, recovered judgment against him for the amount thereof, and on the 31st of January he was co-erced by execution to pay the sum of $2,000, and on the 22d of January, 1864, he paid the further sum of $456.59.

4. When the appellant indorsed the first bill for Corbin, he held the note of appellant for the third installment of the price of a tract of land, amounting to over $5,000, due on or before the 1st of March, 1863, and shortly after he had indorsed the first bill 'for Corbin, they met at Leesburg in Harrison county, and after agreeing upon certain credits to which appellant was entitled and deducting them from the amount of the note which

was then in possession of Corbin, by like agreement that note was surrendered up, and two notes executed for the balance remaining unpaid of the original note, one for $3,200, and the other for $1,762.72, both bearing the same date that the note which was then surrendered up bore, and both to mature on the same day the former note would have matured.

And Cummins who made their calculations and wrote the body of these notes testifies that Corbin told him the reason he wished the large note surrendered, and two notes taken for the residue thereof after deducting the credit, was that appellant had indorsed a bill for him for about $3,000 and he wanted him to make a note for the amount of the bill or near the amount of it, to secure appellant if he, Corbin, failed to meet it, and the balance of the debt he wanted in a separate note, so that he might be enabled to sell it.

On the 25th of May, 1861, Corbin sold the note on appellant for $1,762.70 to Lucas, and in the fall of 1861 he delivered the note for $3,200 on appellant to Crocket & Hildreth, or one of them, as collateral security for a debt he owed them upon which they brought suit in the court below, and the important question now is, whether appellant shall have credit for the amount he paid as Corbin's indorsee on said bill of exchange, or whether appellees by the indorsement of Corbin are entitled to recover the amount of the notes of him?

We forbear to discuss in detail the testimony of the several witnesses examined by the parties in relation to the agreement made by Corbin with Ford when he indorsed the bill of exchange in May, 1861, for Ford's indemnity, in the event that he had the money, or any part of it to pay, and will content ourselves by stating that we are satisfied from the evidence that appellant was induced to indorse the bill of exchange of May, 1861, in consideration that Corbin had promised him that he should retain out of the debt he then owed Corbin enough to indemnify himself, in the event that he had said bill of exchange to pay or any part thereof, and that this promise was made by Corbin before he had assigned the note to Crocket & Hildreth, and indeed before that note was executed.

The bill was indorsed by appellant about the 12th of May, 1861; between that time and the 25th of the same month he and Corbin met in Leesburg, when he executed the two notes and

took up the large one which Corbin then had, because on the 25th he assigned the smaller note to Lucas; it was certainly after that time that he placed the note for $3,200 in the possession of Crocket & Hildreth, and the preponderance of the evidence is that the transfer and delivery of the note did not take place until after the 12th of September, 1861, when appellant indorsed the second bill of exchange to take up the first.

If then this promise upon the part of Corbin was not a parol assignment of the note in contest it certainly operated as an equitable transfer thereof to indemnify Ford against loss on account of the indorsement of said bill of exchange.

There could scarcely be a doubt that if Corbin had continued to hold the note and had brought this action, that the payment made by appellant on said bill of exchange would have been available as a defense to him pro tanto, and his right to that defense is not impaired by the transfer of the note to appellees which as we have already seen was made after the liability of appellant had been incurred, and the promise of indemnity had been made to him. Section 6, chapter 22, Vol. 1 Rev. Stat. And the same principle is recognized in Newby & Taylor v. Hill & Million, 2 Metc. 530.

The court below, therefore, erred to the prejudice of appellant in rejecting his claim to a credit for the two amounts he paid on the judgment in favor of the Deposit Bank of Paris against him and others on the said bill of exchange; the other claims were properly allowed him as credits.

The opinion of the court sustaining the exceptions to Hildreth's deposition was not excepted to, consequently the propriety of that ruling is not before us. No other evidence in the case was excepted to.

The judgment for the reasons stated is reversed, and the cause remanded for a judgment of another proceeding consistent with this opinion.